Filed 7/14/23  P. v. Coreas CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GERMAN COREAS,<br><br>    Defendant and Appellant. | B324237<br><br>(Los Angeles County<br>Super. Ct. No. PA044382) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Stanley Dale Radtke, under appointment by the Court of Appeal; German Coreas, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

German Coreas appeals from an order denying his petition for resentencing under Penal Code section 1172.6 (former section 1170.95).[1]  His appointed appellate counsel filed a brief raising no issues and asking this court to review the record independently to determine whether there are any arguable issues pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Coreas filed a supplemental brief in which he argues, contrary to the record, that the jury that convicted him of murder was instructed on both felony murder and natural and probable consequences theories.  We affirm the order.

## BACKGROUND

### I.    Charges, Trial and Direct Appeal

We take the following facts from the direct case appeal (*People v. Torres* (Jan. 31, 2007, B183252) [nonpub. opn.]) to establish context only.

On November 11, 2002, German Coreas drove with Antonio Torres, both gang members, in pursuit of Ruben Rizo.  Coreas stopped the car near Rizo and Torres shot and killed him.

On January 27, 2003, Coreas, Torres and another man shot Jose Tlamasico several times then fled the scene in a car driven by a fourth man.  Tlamasico survived.

On February 14, 2003, Coreas, Torres and two others were in a car from which several shots were fired at Gustavo Chavez, killing him.

Later that day, Coreas was in a car from which a fellow gang member emerged and shot Gino Ayala, who survived.

At trial, the prosecution's theory was that Coreas was sometimes a shooter and sometimes directly aided and abetted

_____

[1] Undesignated statutory references will be to the Penal Code.

2

other shooters.  There were no jury instructions on felony murder or the natural and probable consequences doctrine.

A jury found Coreas guilty of two counts of first-degree murder and two of willful, deliberate, premeditated attempted murder, and found true the special circumstance that the murders were committed with express malice to benefit a criminal street gang.  (§ 190.2, subd. (a)(22).)

We affirmed three of the convictions, reversed as to the Ayala shooting, vacated the sentence and remanded for resentencing.  (*People v. Torres* (Jan. 31, 2007, B183252) [nonpub. opn.].)

When the case returned to the trial court the People stated they could not proceed as to the attempted murder of Ayala and the court dismissed that count.  The trial court resentenced Coreas on the three remaining counts to two consecutive life terms plus two consecutive terms of 25 years to life for gun use. (*People v. Coreas* (Aug. 29, 2008, B201698) [nonpub. opn.].)

## II.    Petition for Resentencing

On December 3, 2021, Coreas filed a petition with the superior court for resentencing under former section 1170.95 (now renumbered section 1172.6), alleging the jury had not found him to be a major participant or to have acted with reckless indifference to human life when committing the murders and attempted murder.

The court appointed defense counsel, the Los Angeles District Attorney responded to the petition for resentencing, and defense counsel filed a reply brief.  On August 9, 2022, the court held a hearing at which both parties had the opportunity to present additional argument.

The court denied Coreas's petition, finding he was ineligible for resentencing because only the prosecution's express malice theory had gone to the jury.  The court found the jury had not

3

been instructed on felony murder or natural and probable consequences theories and had found true the special circumstance that Coreas "intentionally killed the victim . . . to further the activities of [a] criminal street gang."

## III. Present Appeal

Coreas appeals, and we appointed counsel to represent him. After examining the record, counsel filed a brief raising no issues and asking us to independently review the record to determine whether any arguable issues exist pursuant to *Delgadillo*. Counsel served a copy of the record on Coreas and informed him of his right to file a supplemental brief.

We sent letters to Coreas and to appointed counsel, directing counsel to forward the appellate record and brief to Coreas and advising Coreas that he had 30 days to personally submit any contentions or issues he wished us to consider. We advised that if no supplemental brief or letter was filed, we may dismiss the appeal as abandoned.

Coreas filed a supplemental brief in which he argues he was not the actual shooter but only the get-away driver. He did not aid or encourage the shooter with the intent to commit the shootings and did not share the shooter's specific intent to kill. Coreas argues he was convicted only as an aider and abettor of the murders and attempted murder. (*People v. Torres* (1990) 224 Cal.App.3d 763, 768-769.) Coreas argues the jury was instructed on both felony murder and natural and probable consequences theories, CALCRIM Nos. 401 and 403, as to all three counts, theories which are no longer valid. Therefore, he argues, there is a reasonable possibility that the jury relied on one of these theories to convict him.

## DISCUSSION

In *Delgadillo*, our Supreme Court held that when appointed counsel in a criminal matter "finds no arguable issues

4

to be pursued on appeal:  (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

"Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § l, subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)

"To further that purpose, Senate Bill 1437 added three separate provisions to the Penal Code.  First, to amend the felony murder rule, Senate Bill 1437 added section 189, subdivision (e): 'A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' " (*Gentile, supra*, 10 Cal.5th at p. 842.)

"Second, to amend the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3) (section 188(a)(3)):  'Except [for felony-murder liability] as stated

5

in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' " (*Gentile, supra,* 10 Cal.5th at pp. 842-843.)

"Third, Senate Bill 1437 added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*Gentile, supra,* 10 Cal.5th at p. 843.) The Legislature subsequently amended section 1170.95 to include attempted murder and manslaughter and then renumbered it as section 1172.6. (*Delgadillo, supra,* 14 Cal.5th at p. 223, fn. 3.)

"Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) If the record of conviction, including the jury instructions, refutes the allegations in the petition for resentencing (without resort to impermissible factfinding), the court may conclude the petitioner has not made a prima facie case for relief under section 1172.6, subdivision (c) and therefore is not entitled to an evidentiary hearing under subdivision (d). (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

Because this is an appeal from a denial of postconviction relief under former section 1170.95, we are not required to conduct an independent review of the record as we would be in a direct appeal from a criminal conviction. (*Delgadillo, supra,* 14 Cal.5th at pp. 221-222.) We decline counsel's request that we do

6

so here because nothing before us suggests such an exercise is necessary.  When a defendant files a supplemental brief, however, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion."  (*Id*. at p. 232.)

Notwithstanding Coreas's representation to the contrary, nothing in the charges, instructions, or verdict suggests the jury found him guilty on a theory of imputed malice.  The trial court gave no instruction on felony murder or the natural and probable consequences doctrine, and the jury found Coreas guilty of first degree murder, which requires that the murder be willful, deliberate, and premeditated, and expressly found that the attempted murder was willful, deliberate, and premeditated.  Because the record of conviction demonstrates Coreas was not convicted on a theory of imputed malice, he has failed to meet his burden of making a prima facie showing of entitlement to relief under section 1172.6.  (See *People v. Cortes* (2022) 75 Cal.App.5th 198, 205-206.)  The trial court therefore properly denied his petition without an evidentiary hearing.

## DISPOSITION

The order denying Coreas's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.                    BENDIX, J.

7